# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

| | |
|---|---|
| TRANSAMERICA LIFE INSURANCE COMPANY<br><br>                Plaintiff,<br><br>v.<br><br>JOSEPH CARAMADRE, RAYMOUR RADHAKRISHNAN, ESTATE PLANNING RESOURCES, INC., ESTELLA RODRIGEUS, EDWARD MAGGIACOMO, JR., LIFEMARK SECURITIES CORP. and PATRICK GARVEY,<br><br>                Defendants. | C.A. No. 09-471/ML<br><br>**REQUEST FOR EXPEDITED CONSIDERATION** |

## PLAINTIFF'S MOTION TO CONDUCT EXPEDITED DISCOVERY

Plaintiff, Transamerica Live Insurance Company ("Transamerica") moves pursuant to Fed. R. Civ. P. 30(a)(2) for an Order permitting it to immediately take the deposition of defendant Patrick Garvey.

Transamerica files herewith a supporting memorandum of law.

Transamerica does not request hearing in connection with this motion.

Respectfully submitted

/s/ Michael J. Daly
Brooks R. Magratten, Esq., No. 3585
Michael J. Daly, Esq. No. 6729
PIERCE ATWOOD LLP
  Attorneys for Plaintiff
10 Weybosset St., Suite 400
Providence, RI 02903
(401)588-5113 [Tel.]
(401)588-5166 [Fax]
mdaly@pierceatwood.com
bmagratten@pierceatwood.com

Dated: October 2, 2009

## CERTIFICATE OF SERVICE

A copy of this motion and supporting memorandum will be served by hand delivery to all defendants.

/s/ Michael J. Daly

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| TRANSAMERICA LIFE INSURANCE COMPANY <br> Plaintiff, <br><br> v. <br><br> JOSEPH CARAMADRE, RAYMOUR RADHAKRISHNAN, ESTATE PLANNING RESOURCES, INC., ESTELLA RODRIGEUS, EDWARD MAGGIACOMO, JR., LIFEMARK SECURITIES CORP. and PATRICK GARVEY, <br> Defendants. | C.A. No. <br><br> **REQUEST FOR EXPEDITED CONSIDERATION** |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO CONDUCT EXPEDITED DISCOVERY

Plaintiff, Transamerica Live Insurance Company ("Transamerica") moves pursuant to Fed. R. Civ. P. 30(a)(2) for an Order permitting it to immediately take the deposition of defendant Patrick Garvey. An immediate deposition of Mr. Garvey is necessary because he is terminally ill, has a ███████████████ and is planning on moving to an unknown address in Idaho within the coming weeks.

This case centers on a relatively knew investment scheme referred to as "Stranger Owned Annuity Transactions" – also known as "STAT's." Under the STAT scheme, investors purchase annuities that provide benefits to the investor based on the death of a terminally ill individual who has no relationship to the investor. Regulators have disfavored STAT's because they run afoul of state prohibitions on the purchasing of insurance products by individuals who lack an insurable interest in the life of the insured. Such prohibitions arise out of society's repugnance for wagering on human life.

Transamerica initiated this action for rescission of an Annuity contract, which is to pay benefits to defendant Estella Rodrigues ("Rodrigues") upon the death of Mr. Garvey. The basis for rescission is that Transamerica issued the Annuity without knowledge of, among other things: a) Mr. Garvey's ███████ b) Rodrigues' lack of an insurable interest in Mr. Garvey; and c) a monetary payment to Mr. Garvey to induce him to sign an application for the annuity. *See Complaint* at *Count I*. Transamerica also seeks monetary damages from Mr. Garvey's co-defendants[1] based on their involvement in the illegal and fraudulent scheme to obtain the Annuity. *See generally, Complaint.*

Transamerica recently has learned that Mr. Garvey is ███████████████████ He is in need of a ████████████, without one, can expect to ███████████████ ████████ *See Declaration* attached as Exhibit C to *Complaint*. Because of the tragic reality that Mr. Garvey ████████████████████████ Transamerica likely will have to record his testimony by deposition.

The most compelling, thorough and useful evidence of Mr. Garvey's knowledge will be his own sworn testimony. Even if Mr. Garvey dies or becomes incapacitated before trial, any party may be able to introduce his prior sworn testimony as substantive evidence pursuant to Fed. R. Evid. 804(b)(1).[2] Rule 804(b)(1) confirms that deposition testimony provided by an unavailable witness is not excluded by the hearsay rule "if the party against whom the testimony is now offered, or, in a civil proceedings, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination."

Fed. R. Civ. P. 26(d) provides that discovery generally may not be conducted until the parties have conferred pursuant to Fed. R. Civ. P. 26(f). For good cause, however, the Court

---

[1] Transamerica does not seek monetary damages from Mr. Garvey.

may grant leave to depose a witness "before the time specified in Rule 26(d). Fed. R. Civ. P. 30(a)(2); *USEC Inc. v. Everitt*, No. 3:09-CV-4, 2009 W L 152479, *2-3 (Jan. 22, 2009 E.D. Tenn. 2009); Charles Alan Wright, et al., 8 *Federal Practice & Procedure Civil* § 2046.1 at 592 (2d ed.1994).

There is good cause to depose Mr. Garvey immediately. He is ▓▓▓▓▓▓▓▓▓ Indeed, it was because of his ▓▓▓▓▓▓▓▓▓ that Mr. Garvey was targeted to be the measuring life (annuitant) under the Annuity. *See generally, Complaint.* Unfortunately, it is likely that in the near future, Mr. Garvey's ▓▓▓▓▓▓▓▓▓ to testify. Moreover, Mr. Garvey has indicated that he is moving from Nevada to Idaho in two to three weeks and does not know where he will be living. Thus, in order to preserve Transamerica's ability to obtain his admissible testimony, it is imperative that he be deposed immediately. *See Petition of Delta Quarries and Disposal, Inc.*, 139 F.R.D. 68, 70 (M.D. Pa. 1991) (permitting pre-litigation deposition of individual whose medical condition was "serious enough to raise justifiable concerns regarding the loss of his testimony").

Moreover, Mr. Garvey's anticipated testimony is central to this case. It is expected that he will describe the Annuity application process that is the focus of this lawsuit. Other than Mr. Garvey, some of his co-defendants are the only individuals with personal knowledge of the application process. And those co-defendants have financial incentive to conceal certain information from Transamerica. Unless Mr. Garvey is able to offer his story, it is likely that Transamerica will be deprived of the opportunity to obtain critical, truthful testimony concerning important facts in this case.

Transamerica will provide notice of any forthcoming deposition of Mr. Garvey to all defendants so that they may question and cross-examine him.

For the reasons set forth herein, Transamerica respectfully requests leave to immediately take the deposition of Mr. Garvey.

Respectfully submitted

/s/ Michael J. Daly
Brooks R. Magratten, Esq., No. 3585
Michael J. Daly, Esq. No. 6729
PIERCE ATWOOD LLP
　Attorneys for Plaintiff
10 Weybosset St., Suite 400
Providence, RI 02903
(401)588-5113 [Tel.]
(401)588-5166 [Fax]
mdaly@pierceatwood.com
bmagratten@pierceatwood.com

Dated: October 2, 2009