# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| TRANSAMERICA LIFE INSURANCE COMPANY, | : : | |
| Plaintiff | : : | |
| vs. | : : | C.A. No. 09-471 |
| JOSEPH CARAMADRE, RAYMOUR RADHAKRISHAN, ESTATE PLANNING RESOURCES, INC., ESTELLA RODRIGUES, EDWARD MAGGIACOMO, JR., LIFEMARK SECURITIES CORP., and PATRICK GARVEY, | : : : : : : | |
| Defendants | | |

## DEFENDANT LIFEMARK SECURITIES CORPORATION'S MOTION TO DISMISS

Defendant Lifemark Securities Corporation ("Lifemark"), hereby moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Local Rule 7 to dismiss Plaintiff's Amended Complaint. In support of its Motion, Lifemark submits the attached Memorandum of Law.

LIFEMARK SECURITIES
CORPORATION
By its Attorneys,

/s/ Joseph V. Cavanagh, Jr.
Joseph V. Cavanagh, Jr. (#1139)
Mary Cavanagh Dunn (#6712)
BLISH & CAVANAGH, LLP
30 Exchange Terrace
Providence, RI 02903
(401) 831-8900
(401) 751-7542 (fax)
jvc@blishcavlaw.com
mcd@blishcavlaw.com

Dated: December 4, 2009

## CERTIFICATE OF SERVICE

       I hereby certify that on December 4, 2009, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court DM/ECF System.

                                                  /s/ Joseph V. Cavanagh, Jr.

| | | |
|---|---|---|
| TRANSAMERICA LIFE INSURANCE COMPANY, | : : | |
| Plaintiff | : : | |
| vs. | : : | C.A. No. 09-471 |
| JOSEPH CARAMADRE, RAYMOUR RADHAKRISHAN, ESTATE PLANNING RESOURCES, INC., ESTELLA RODRIGUES, EDWARD MAGGIACOMO, JR., LIFEMARK SECURITIES CORP., and PATRICK GARVEY, | : : : : : : | |
| Defendants | | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT LIFEMARK SECURITIES CORPORATION'S MOTION TO DISMISS

Defendant LifeMark Securities Corporation ("LifeMark") submits the within Memorandum of Law in support of its motion to dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Local Rule 7.

### I. Introduction

Plaintiff Transamerica Life Insurance Company ("Transamerica") filed a ten-count action against LifeMark and six other defendants. All counts arise from the issuance of an annuity contract by Transamerica to defendant Estella Rodrigues. Counts I-III (recission, declaratory judgment, fraud), VII (civil liability for crimes and offenses) and VIII (civil conspiracy) allege claims against LifeMark and most co-

1

defendants. Counts IV, V and VII (breach of contract, declaratory judgment, breach of duty of good faith and fair dealing) allege claims against LifeMark only, and Counts IX and X (unjust enrichment and negligence) allege claims against LifeMark and co-defendant Edward Maggiacomo.

All claims are premised on the allegations that defendants failed to disclose to Transamerica (1) that the annuitant (and co-defendant), Peter Garvey, had a terminal illness, (2) that he was paid money for his involvement in the transaction, (3) that he did not know the owner of the annuity contract, and (4) that contract owner and co-defendant Estella Rodrigues did not have an insurable interest in his life. All ten counts should be dismissed because LifeMark and the other defendants had no duty to disclose this information to Transamerica under both the common law and Rhode Island insurance statutes. Moreover, Transamerica's own annuity contract bars these claims.

**II.    Statement of Facts**

On or about October 16, 2009, Transamerica filed an Amended Complaint against LifeMark and six other defendants. All 10 of the counts arise from alleged circumstances surrounding Transamerica's issuance of an annuity contract to Estella Rodrigues ("Rodrigues") on March 27, 2008, (the "Annuity Contract").

The Amended Complaint alleges the following facts: Transamerica offers a range of financial products for sale to the public. *Amended Complaint* at ¶ 20. These products are sold nationally by a network of independent broker/dealers including LifeMark. *Id.* Co-defendant Edward Maggiacomo ("Maggiacomo") is an agent or employee of LifeMark. *Id.* One of the products offered by Transamerica is a flexible

2

premium variable annuity referred to as the "Transamerica Landmark," or "Landmark Annuity" as referenced in the Amended Complaint. *Id.* at ¶ 21. The Landmark Annuity provides a "standard death benefit that pays the annuity beneficiaries the total of all premiums paid, less any adjusted partial withdrawals." *Id.* In addition, for an additional fee, the Landmark Annuity offers a "Double-Enhanced" death benefit, an "Annual Step-Up" death benefit and a "Taxpayer Rider" all of which provide additional compensation to the beneficiaries upon the death of the annuitant. *Id.*

Defendant Peter Garvey ("Garvey"), the annuitant in the Annuity Contract, is terminally ill. *Complaint* at ¶ 24 and *Exhibit C*. Sometime in or before March 2008, Garvey received a flyer at his church advertising financial assistance to terminally ill people. *Id.* at ¶ 25. In response to the flyer, Garvey contacted co-defendant Raymour Radhakrishan ("Radhakrishan"). *Id.* At all relevant times, Radhakrishnan was an agent or employee of co-defendant Estate Planning Resources. *Id.* at ¶ 26. Radhakrishnan paid Garvey $5,000 for his participation as the annuitant in the application for the Annuity Contract. *Id.* at ¶ 27. Because neither co-defendants Joseph Caramadre ("Caramadre"), Radhakrishan nor Estate Planning Resources were authorized to sell Transamerica's annuities, it was arranged that Maggiacomo would sign and submit the application to Transamerica for consideration. *Id.* at ¶ 28.

In or about March 2008, the application to purchase the Annuity Contract, signed by Garvey was submitted to Transamerica by Maggiacomo and/or LifeMark. Id. at ¶ 29, *Exhibit D*. The application was also signed by Rodrigues, who was listed as the owner and beneficiary. *Id*. at ¶ 31. It requested a guaranteed "Double Enhanced Death

Benefit," and a Rider providing "Additional Death Distribution" to cover her tax liability. *Id.*, *Exhibit D*. Maggiacomo signed the application as "Registered Representative/Licensed Agent" with LifeMark. *Id.* at ¶ 34. On or about March 27, 2008, after receiving the application and an initial premium payment of $290,000, Transamerica issued the Annuity Contract to Rodrigues. *Id.* at ¶¶ 33, 37, *Exhibit E*.

In September of 2009, Transamerica sent a letter to Garvey and Rodrigues notifying them it wanted to rescind the Annuity Contract because it had been procured by fraud or misrepresentation and was void because Rodrigues lacked an insurable interest in Garvey. *Id.* at ¶ 40, *Exhibit F*.

The alleged fraud or mispresentations committed by the defendants are that the application did not show that Garvey did not understand the transaction, that Garvey was terminally ill, that Garvey had no relationship with the owner (Rodrigues), and that Garvey was paid to sign the application. *Id.* at ¶¶ 44, 46, 47. In addition, Transamerica alleges that the Annuity Contract was void *ab initio* because Rodrigues did not have an insurable interest in Garvey. *Id*. at ¶ 49.

The application for the Annuity Contract did not contain any questions about the relationship between the annuitant and the owner, the health status of the annuitant, or whether or not the annuitant received compensation for serving as the annuitant. *Id*. at *Exhibit D*. Nor did it contain any requirement that the owner have an insurable interest in the annuitant. *Id*.

The Annuity Contract issued on March 27, 2008, contained an incontestability clause stating that that it "shall be incontestable from the Policy Date." *Id.* at *Exhibit E*

4

p. 22.

### III. Rule 12(b)(6) Standard

In deciding a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must construe the complaint in the light most favorable to the plaintiff, taking all well pleaded factual allegations as true and giving the plaintiff the benefit of all reasonable inferences. *See Narragansett Electric Co. v. Constellation Energy Commod.*, 526 F. Supp. 2d 260, 268 (D.R.I. 2007). A plaintiff is "required to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513,515 (1st Cir. 1988).

In its analysis, the Court may consider not only the complaint but also "facts extractable from documentation annexed to or incorporated by reference in the complaint and matters susceptible to judicial notice." *Narragansett Electric Co.* quoting *Jorge v. Rumsfeld,* 404 F.3d 556, 559 (1st. Cir. 2005). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

### IV. Argument

A. <u>Counts I-III and Counts VII-VIII Should Be Dismissed Because They Are Barred By the Incontestability Clause in the Annuity Contract And The Fraud Allegations Are Not Pled With The Specificity Required by Rule 9 Of The Federal Rules of Civil Procedure.</u>

The allegations in Counts I-II are pled against LifeMark and all co-defendants.

5

Counts III and VII-VIII are pled against LifeMark and Caramadre, Radhakrishan, Estate Planning Resources, Inc. and Maggiacomo. On November 13, 2009, co-defendants Caramadre, Radhakrishan, Estate Planning Resources and Rodrigues filed a Motion to Dismiss with this Court. (ECF Document No. 26). Because Counts I-III and VII-VIII are identically pled against LifeMark, LifeMark adopts and incorporates by reference the arguments made by these defendants in support of their motion to dismiss Counts I-III, VII-VIII in support of the present motion. *See* ECF Document No. 26 at pages 6-28.

> B. <u>Counts IV, V and VI Should Be Dismissed Because They Fail To Allege How LifeMark Breached Its General Agent Agreement With Transamerica.</u>

In Count IV, Transamerica alleges LifeMark breached a contract with Tramsamerica in its role as broker for the Annuity Contract. To survive a motion to dismiss the breach of contract claim against LifeMark, Transamerica must set forth sufficient facts to show (1) the existence of a valid contract; (2) that LifeMark breached its duties under the contract, and (3) that this breach caused damage to Transamerica. *See Mann v. Chase Manhattan Mortg. Corp.*, 2002 WL 32157516, at 4 (D.R.I. 2002).

In support of its claims that LifeMark breached a purported 1997 General Agent Agreement with Transamerica ("General Agent Agreement"), Transamerica has not alleged any specific acts by LifeMark separate from its alleged involvement in brokering the Annuity Contract. *See Amended Complaint*, at ¶¶ 60-68. Transamerica has simply quoted extensively from selected parts of a General Agent Agreement in support of their claims that LifeMark breached it by failing to train and supervise

6

Maggiacomo, by arranging for Radhakrishan to sell the Annuity Contract, by permitting Garvey to be paid to sign the application for the Annuity Contract and by arranging for the issuance of the Annuity Contract without an insurable interest in Garvey. *Id*. at ¶ 64. Because these claims are based on the same facts alleged in support of Transamerica's deficient claims regarding the issuance of the Annuity Contract, they similarly fail to state a claim for breach of an alleged General Agent Agreement. *See* ECF Document No. 26 at p. 6-26. Moreover, because Transmerica has not attached a General Agent Agreement that was allegedly breached by LifeMark, this Court cannot interpret the purported contract with the vague and incomplete facts and contract language contained in the Amended Complaint.

In Count V, Transamerica again refers to an unproduced General Agent Agreement in support of its claim for indemnification against LifeMark and requests a declaratory judgment. *See* Amended Complaint at, ¶ 70. This bald claim references a different section of the General Agent Agreement and should be dismissed on the same grounds as the breach of contract claim.

In Count VI, Transamerica alleged a claim against LifeMark for breach of the duty of good faith and fair dealing implied in a General Agent Agreement.

Under Rhode Island law, the standard for determining whether a party has breached the duty of good faith and fair dealing implied in every contract is whether or not the actions in question are free from arbitrary or unreasonable conduct. *See Pride Hyundai, Inc. v. Chrysler Financial Co., LLC*, 263 F. Supp 2d 374, 394 (D.R.I. 2003).

In support of this claim Transamerica alleges that LifeMark's failure to disclose

7

that Garvey did not understand the transaction, that he was paid to sign the application, that Radhakrishnan was involved in the transaction, Garvey's health condition, and Rodrigues' lack of an insurable interest in Garvey. *See Amended Complaint*, at ¶ 73. As discussed *supra*, LifeMark was under no legal duty to disclose such information to Transamerica, nor did the application request this information. *See* Docket No. 26 at p. 6-26. Thus, Transamerica has failed to state a plausible claim that LifeMark's actions were arbitrary or unreasonable.

      C. <u>Counts IX and X Should Be Dismissed Because They Are Derivative Claims That Are Based On Other Eight Counts All Of Which Are Deficient</u>

In Count IX of the Amended Complaint, Transamerica alleges that LifeMark and Maggiacomo were unjustly enriched when they were paid commissions for the sale of the Annuity Contract.

To establish a claim for unjust enrichment under Rhode Island law, a plaintiff must prove three elements: " '(1) a benefit must be conferred upon the defendant by the plaintiff, (2) there must be appreciation by the defendant of such benefit, and (3) there must be an acceptance of such benefit in such circumstances that it would be inequitable for a defendant to retain the benefit without paying the value thereof.' " *See APG, Inc. v. MCI Telecommunications Corp.*, 436 F.3d 294, 305 (1st Cir. 2006); *Bouchard v. Price*, 694 A.2d 670, 673 (R.I. 1997)(quoting *Anthony Corrado, Inc. v. Menard & Co. Bldg. Contractors*, 589 A.2d 1201, 1201-02 (R.I. 1991)).

Transamerica has failed to state how it would be inequitable for LifeMark and Maggiacomo to be paid commissions for the Annuity Contract when they have failed to adequately allege how it was wrongfully procured and issued. Thus, this claim should be dismissed because it is based on the previous legally deficient claims of fraud and violations of Rhode Island insurance laws.

Lastly, Transamerica alleges LifeMark was negligent in its supervision of Maggiacomo. To establish a claim for negligence under Rhode Island law, Plaintiffs must show that (1) Defendants owed them a legal duty to refrain from negligent activities; (2) Defendants breached that duty; (3) the breach proximately caused Plaintiffs' injuries; and (4) actual loss or damages resulted. *See Gray v. Derderian*, 472 F.Supp.2d 172, 177 (D.R.I. 2007); *Gray v. Derderian*, 365 F.Supp.2d 218, 226 (D.R.I. 2005)(citing *Splendorio v. Bilray Demolition Co.*, 682 A.2d 461, 466 (R.I. 1996)).

Transamerica's claim for negligence alleges that LifeMark owed a duty to adequately train its employees to "ensure that insurance and investment products such as the Annuity would not be issued to terminally ill individuals paid to sign annuity application, issued with named beneficiaries who have no insurable interest in the annuitant and issued without the knowledge or informed consent of the annuitant." *See Amended Complaint*, at ¶ 88. They further allege that LifeMark's failure to adequately supervise and train Maggiacomo caused them to issue the Annuity Contract and as a result they were financially harmed. The application for the Annuity Contract, written by Transmerica, did not contain any questions about the relationship between the annuitant and the owner, the health status of the annuitant, or whether or not the

9

annuitant received compensation for serving as the annuitant. *Id*. at *Exhibit D*. Nor did it contain any requirement that the owner have an insurable interest in the annuitant. *Id*.

Thus, LifeMark as the broker for the transaction, was under no duty to disclose or investigate these factors since they were not material or even asked about by Transamerica prior to its issuance of the Annuity Contract. Because there is no duty, there can be no claim for negligence. Furthermore, the only harm alleged is economic and the claim is also barred by the economic-loss doctrine which bars the recovery of a purely economic loss in a negligence action. *See Triton Realty Ltd. Partnership v. Almeida*, 2006 WL 2089255, at 2 (R.I. Super. July 25, 2006).

In addition, LifeMark adopts and incorporates by reference the arguments made by Maggiacomo in support of his Motion to Dismiss the Amended Complaint .

**WHEREFORE**, LifeMark respectfully requests that this Court grant its Motion and dismiss all counts against it in Plaintiff's Amended Complaint.

>
> LIFEMARK SECURITIES CORPORATION
>
> By its Attorneys,
>
> /s/ Joseph V. Cavanagh, Jr.
> Joseph V. Cavanagh, Jr. (#1139)
> Mary Cavanagh Dunn (#6712)
> BLISH & CAVANAGH, LLP
> 30 Exchange Terrace
> Providence, RI 02903
> (401) 831-8900
> (401) 751-7542 (fax)
> jvc@blishcavlaw.com
> mcd@blishcavlaw.com

Dated: December 4, 2009

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 4, 2009, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court DM/ECF System.

                                                    /s/ Joseph V. Cavanagh, Jr.