# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WESTERN RESERVE LIFE ASSURANCE CO. OF OHIO,<br>　　　　　　Plaintiff,<br><br>vs.<br><br>CONREAL LLC, HARRISON CONDIT, FORTUNE FINANCIAL SERVICES, INC., And ANTHONY PITOCCO,<br>　　　　　　Defendants. | C.A. No. 09-470 WS |
| TRANSAMERICA LIFE INSURANCE COMPANY,<br>　　　　　　Plaintiff,<br><br>vs.<br><br>JOSEPH CARAMADRE, RAYMOUR RADHAKRISHNAN, ESTATE PLANNING RESOURCES, INC., ESTELLA RODRIGEUS EDWARD MAGGIACOMO, JR., LIFEMARK SECURITIES CORP., and PATRICK GARVEY,<br>　　　　　　Defendants. | C.A. No. 09-471 WS |
| WESTERN RESERVE LIFE ASSURANCE CO. OF OHIO<br>　　　　　　Plaintiff,<br><br>vs.<br><br>JOSEPH CARAMADRE, RAYMOUR RADHAKRISHNAN, ESTATE PLANNING RESOURCES, INC., ADM ASSOCIATES, LLC, EDWARD HANRAHAN, THE LEADERS GROUP, INC., and CHARLES BUCKMAN,<br>　　　　　　Defendants. | C.A. No. 09-472 WS |

| | |
|---|---|
| WESTERN RESERVE LIFE ASSURANCE COMPANY OF OHIO,<br>          Plaintiff,<br><br>vs.<br><br>JOSEPH CARAMADRE, RAYMOUR RADHAKRISHNAN, ESTATE PLANNING RESOURCES, INC., DK LLC, EDWARD HANRAHAN, THE LEADERS GROUP, INC., and JASON VEVEIROS,<br>          Defendants. | C.A. No. 09-473 WS |
| WESTERN RESERVE LIFE ASSURANCE COMPANY OF OHIO,<br>          Plaintiff,<br><br>vs.<br><br>JOSEPH CARAMADRE, RAYMOUR RADHAKRISHNAN, ESTATE PLANNING RESOURCES, INC., NATCO PRODUCTS CORP., EDWARD HANRAHAN, and THE LEADERS GROUP, INC.,<br>          Defendants. | C.A. No. 09-502 WS |
| TRANSAMERICA LIFE INSURANCE COMPANY,<br>          Plaintiff,<br><br>vs.<br><br>LIFEMARK SECURITIES CORP., JOSEPH CARAMADRE, RAYMOUR RADHAKRISHNAN, ESTATE PLANNING RESOURCES, INC., and EDWARD MAGGIACOMO, JR.,<br>          Defendants. | C.A. No. 09-549 WS |

| | |
|---|---|
| WESTERN RESERVE LIFE ASSURANCE COMPANY OF OHIO,<br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>JOSEPH CARAMADRE, RAYMOUR RADHAKRISHNAN, ESTATE PLANNING RESOURCES, INC., HARRISON CONDIT and FORTUNE FINANCIAL SERVICES, INC.,<br>　　　　　　Defendants. | C.A. No. 09-564 WS |

## SCHEDULING ORDER

This matter having come before the Court on December 10, 2009, the following scheduling order is hereby entered:

1. Motions to Dismiss have been filed by all Defendants in Case Nos. 470, 471, 472, 473 and 502. The Defendants in Case Nos. 549 and 564 shall file Motions to Dismiss on or before January 13, 2010. In their memoranda in support of these Motions to Dismiss, to the extent that any Defendant raises any of the same issues as that Defendant raised in Case Nos. 470, 471, 472, 473 and 502, the applicable arguments may be included by reference to the earlier memoranda and not repeated.

2. Plaintiffs shall file individual objections to the Motions to Dismiss in each case on or before February 1, 2010. However, in support of those objections, Plaintiffs shall simultaneously file a single consolidated memorandum of law in each case responding to all arguments raised by all Defendants.

3. Defendants in all cases shall file any brief reply memoranda on or before February 12, 2010. Defense counsel shall confer on the arguments to be made in any such reply and, to the fullest extent possible, shall minimize duplication by joining or adopting by reference arguments made by other counsel.

4. The Court will hear argument on the motions to dismiss on *March 4th*, 2010 at *9:30 AM*. At argument, defense counsel designated by the Defendants shall argue the issues common to all Defendants, and arguments of other defense counsel shall be limited to issues specifically applicable to their individual clients.

5. Until the Court rules on the motions to dismiss, discovery proceedings in all cases shall be stayed, with the exception of the depositions of the terminally ill annuitants in Case Nos. 09-470, 09-472, and 09-473, to be taken according to the procedure for such depositions contained in the Order entered by Magistrate Judge Martin on October 27, 2009.[1] Any request by any party for any other discovery in any of the cases pending disposition of the motions to dismiss shall be made by motion to the Court.

6. All previous motions to stay, as well as motions to seal filed in connection therewith, are hereby deemed withdrawn, subject to the Defendants' right to refile them if necessary, and the Defendants shall not be required file any further motions to stay proceedings in any of these cases until further order of the Court. In the event that the rulings on the Motions to Dismiss do not terminate the proceedings in any case, the Court will schedule a further conference to consider the future proceedings and any other motions to stay before discovery is allowed to proceed, subject to the qualifications in paragraph 5 above.

---

[1] Document discovery in connection with the depositions may be conducted informally, limited to documents related to a specific deponent, and shall occur only when a deposition has actually been scheduled. In such event, as soon as defense counsel receive Rule 15 deposition exhibits, they will provide plaintiffs' counsel with copies thereof. Counsel may request from each other documents in connection with a particular scheduled deposition, and to the extent such request is refused, requesting counsel may seek relief from the Court.

IT IS SO ORDERED.

*/s/ William E. Smith*
William E. Smith
United States District Judge
Date: 12/21/09